## NASH v. GRIFFIN.

### Opinion delivered June 20, 1927.

1. QUIETING TITLE—SUFFICIENCY OF EVIDENCE.—Evidence in a suit to quiet title *held* to sustain a chancellor's finding that a disputed strip of land was not intended to be embraced in a deed from the parties' common predecessor in title and subsequent deeds in defendants' chain of title.

2. GUARDIAN AND WARD—VALIDITY OF SALE OF LAND.—A probate sale of land by a guardian of minor children of an intestate, who had conveyed the land before her death, vested no title in persons from whom defendants, in a suit to quiet title, received quitclaim deeds.

Appeal from Union Chancery Court, First Division; *J. Y. Stevens*, Chancellor; affirmed.

*Powell, Smead & Knox, Marsh, McKay & Marlin* and *E. W. McGough,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

Hart, C. J. This is an appeal by L. M. Nash and Mrs. Jessie L. Nash to reverse a decree of the chancery court quieting the title of P. A. Griffin as to them to a certain parcel of land abutting on Mount Holly Street, in the city of El Dorado, Union County, Arkansas, approximately 150 feet in length north and south and approximately 100 feet in width east and west, off of the west side of the east half of the southwest quarter of the southwest quarter of the northeast quarter of section 29, township 17 south, range 15 west.

Both the plaintiffs and the defendants claim title from a common source. Hattie E. Robinson owned the land in controversy, and, on the 27th day of February, 1904, she conveyed by deed to R. A. Hilton a large body of land in Union County, Arkansas, including the parcel of land in dispute. On the 8th day of December, 1904, R. A. Hilton conveyed certain lands in Union County, Arkansas, to J. M. Whatley. Among the lands described in the deed is the northwest quarter of the southwest quarter of the northeast quarter of said section 29. On the 11th day of January, 1906, J. M. Whatley and wife conveyed said land by the same description to M. G. Murphy, Jr. On the first day of March, 1919, M. G. Murphy, Jr., conveyed said land to Jessie L. Nash. It is described in the deed as follows: "All that part of the southwest quarter of southwest quarter of northeast quarter, section 29, township 17 south, range 15 west, lying north of the El Dorado and Mount Holly public road as now located, and being in the city of El Dorado, Union County, Arkansas, containing 10 acres more or less."

The record shows that the parcel of land in controversy is now situated in the city of El Dorado and in the western part of the forty acres of land in section 29 referred to above. What was formerly known as the Lisbon Road and is now known as Mount Holly Street

runs through the southwest corner of said forty acres of land. R. A. Hilton is now dead, but, when he conveyed the land to Whatley, he pointed out the boundary line to Whatley. There was a fence running north and south on the east side of said parcel of land, and this old fence was pointed out as the east boundary of the land described in the deed. Whatley took possession of the land conveyed to him, and never claimed any land in the quarter section above described east of the old fence. When Whatley sold the land to Murphy, he conveyed it by the same description as conveyed in the deed from Hilton to himself. He pointed out to Murphy the old fence as the boundary line on the east side of the strip of land, and never claimed any part of the quarter section east of that old fence. None of these parties claimed any of the land south of the old Lisbon Road, or what is known as Mount Holly Street, and east of the old fence. The strip of land contains about eight and one-half acres, and they did not claim to own any more of the quarter section than that part of it north of the old Lisbon Road or Mount Holly Street and west of the old fence running north and south through the west part of said quarter section. Possession of this eight and one-half acres of land under claim of ownership was held by Whatley and Murphy from the time of the purchase by Whatley from Hilton in December, 1904, until the conveyance by M. G. Murphy, Jr., to Jessie L. Nash in January, 1921. The contest over the strip of land arose after oil was discovered in that territory.

Without reviewing and commenting at length upon the evidence, we are satisfied from the testimony of Whatley and Murphy, which is corroborated by that of other witnesses, that it was the intention of Mrs. Hattie E. Robinson to convey to Dr. R. A. Hilton and of Dr. Hilton to convey to Whatley approximately eight and one-half acres of the land north of the old Lisbon Road or Mount Holly Street and west of the old fence in the west part of the quarter section above referred to and described. The evidence clearly shows that a mistake

was made in describing the strip of land, and we are of the opinion that the chancellor correctly held that only eight and one-half acres, as above indicated, were intended to be embraced in the deed from Mrs. Hattie E. Robinson to Dr. Hilton, and that the same mistake which was made in her deed to Dr. Hilton was made in the subsequent deeds.

Mrs. Hattie E. Robinson died intestate, leaving her husband and several minor children. An attempt was made by her husband, as guardian for her minor children, to sell said land at probate sale and in that way vest title in persons from whom Mrs. Jessie L. Nash and L. M. Nash have subsequently received quitclaim deeds. But little need be said on this branch of the case. Mrs. Hattie E. Robinson had already conveyed the land prior to her death. Consequently there was nothing left to be conveyed by the guardian's sale, and the probate sale by the guardian of Mrs. Robinson's minor children could not avail appellants anything. The decision of the case depends almost entirely upon the facts, and we are of the opinion that it is established by clear and convincing testimony that it was only intended by Mrs. Hattie E. Robinson to convey eight and one-half acres to Dr. Hilton, and this was that part of the quarter section north of the old Lisbon Road and west of the old fence above referred to. The mistake was made in the original deed and was continued in the subsequent deeds, and, for that reason, appellants only acquired title to the eight and one-half acres. Conceding this to be true, the paper title to the land in controversy is in P. A. Griffin, and he was entitled to have his title quieted against Mrs. Jessie L. Nash and L. M. Nash.

It follows that the decree of the chancellor was correct, and it will therefore be affirmed.